193521, and I want to make sure that we have both Mr. Kassen and Mr. Griffiss I believe so. Yes, your honor. Excellent. So Mr. Kassen, you may proceed. May it please the court, your honor, I'm Luke Kassen and I represent Mr. Ware in this matter. The underlying issue before the district court was whether the claim filed as a class claimant was functionally a race judicata for Mr. Ware after he filed his second claim. We argue here and present to your honors the issue of specifically of whether race judicata applies where a claim is dismissed as a class claimant and whether an individual claim can survive race judicata filed subsequently. But is it not true, Mr. Kassen, that your first or the first claim was brought individually and on behalf of a class? I've actually never heard of this before because in order to be a class representative, you have to be suing both individually and as a member of the class. Your honor, that that is accurate and it was it was raised as a as an individual claim. Those claims, however, were limited to a a a really a due process claim. They were they were process claims related to how the class was being treated and disciplined. The subsequent action was based on an individual's rights under Title VII for discrimination based on race and age. Can you explain to me, though, why it would not have been possible for Mr. Ware to have raised those individual claims in the first suit? Because as you know, claim preclusion covers not just what was raised, but what could have been raised. True, your honor, and in the there's an actually an analogous case that we've we've cited to and that is, although distinguished by the defendants in or the appellees in their brief. The Crowder matter, we believe, is is stands for that principle that when the distinguishing issue that you've raised is whether that those claims ought to be have been brought and what the what the cases that we've cited are instances where it would not be advisable to bring those kind of claims because they were so different in their their scope and nature. So you're just making an argument that it didn't arise out of the same common nucleus of operative fact, which it has to do for claim preclusion to apply? That that's effectively correct, your honor, and that's what Crowder that the principle behind Crowder and I. The IDOC's response to the. To the citation at Crowder is is understandable, but misguided because the principle was that those those central core of facts are significantly different. Just trying and proceeding on a case under a class theory where the individuals involved were a whole different set of individuals that had an interest in the case. The union. The union in this particular case was involved in the class matter, was not in the disciplinary matter, the individual matter, which was where to. Those would be very difficult to present to the court as a single set of facts that. We could actually get some some resolution on. It was our our feeling that. The. The underlying facts on the on the class matter would be fairly expansive and go into the process in which discipline was meted out by the department across the entire state. In Mr. Ware's situation, he was a single individual in who worked within a single district of the state within within the agency. Those are very particularized sets of facts and would be drawn from individuals that were calls for the the district court's decision to be overturned by by this court. So do you think it's fair? I'm sorry. Do you think it's fair to characterize where one is simply being more of an umbrella claim where where to is a subset because where one does talk about targeting, harassing, punishing based on race, based on association, based on speech. I can understand if we had a different set of rules, but I'm concerned that if where to is just a subset, it really isn't separate enough. But you've raised a good point here out of this, so that the the issue that we have to from the larger set of facts, the the time frame is the is really the issue that the what we've alleged in the complaint, however, is that the the discipline in where to was very specific and on certain dates where the the substance of the claim and where one was that process claim that applied to all districts and all members of the class. It's I think the inappropriate question is whether it's fair to limit a an individual Title VII claim for discrimination based on a class inclusion on a due process claim. So while those facts, excuse me, but he was the named representative and as I understood the facts, although correct me if I'm wrong, I thought that the the June 2017 incidents in where to fall within a time period that where one covered. It's not, I mean, I think you might have a different case if where one covered, you know, 2015 to 2017 and then where to was a 2019 problem or something of that sort. I understand your point, Your Honor, and I think that's one of the issues that was raised in in this citing cases. Anyways, where there's an overlap, Crowder is one of those where those cases actually overlapped in time and whether that's a determining factor. And I think what the Crowder court determined was that it was really not determining a determining factor whether race judicata would apply. So if you want to save your last little bit for rebuttal, I'll just remind you. I do, Your Honor. If you don't mind, I would like to cut off here if and save. I think that's all right panel. Thank you. Sure. Mr. Griffiths. Thank you, Your Honor. May it please the court. Assistant Attorney General Carson Griffiths on behalf of defendants. I'd like to begin by addressing whether where one and where two involve the same cause of action for purposes of race judicata. They did because both arose out of the same core of operative facts. Both complaints, if you read both complaints, allege that defendants improperly disciplined where and deprived him of a fair disciplinary hearing. Mr. Kassan argues today that really those that where two did not involve or did involve due process procedural due process claims. But I'd like to point your honors to pages seven to eight of the where one complaint where he expressly alleges that plaintiff that himself and others similarly situated were all deprived of unfair disciplinary hearings were all deprived of due process in the disciplinary process. So that distinction that he attempts to draw is not evident from the faces of the complaints. Both complaints also alleged that defendants retaliated against Mr. Where for associating with his local union serving on its executive board and for speaking out about mismanagement in the department. Both also alleged that the discipline and where two is a title seven claim. It's not where one also involved allegations of discrimination based on race. I'd specifically like to point your honors to page six of the where one complaint for those allegations of race discrimination. And moreover, all these all these alleged events occurred during the same time period as Judge Wood pointed out. The where one complaint expressly references a time period from January 2015 to early 2019. And the where to complain involves events that occurred between June 2017 and January 2018. So anything that was alleged, also, it's important to point out that the where one complaint was actually filed in August 2018, seven months after the last disciplinary action that Mr. Where complains of was imposed. So and therefore, they involve the same causes of action for purposes of race judicata. Also, the distinction between where one being a class action and where two being an individual claim doesn't justify reversal of the district court's dismissal. As Judge Wood pointed out, it was brought in the caption explicitly individually and on behalf of similarly had to bring his individual claims as the framework for the class members claims. So you don't think it's possible to bring an action exclusively on behalf of a class that somehow embedded in rule 23 is the need to bring it both individually and on behalf of the class? There might be a situation in which that's the case. This is certainly not it. However, I discrimination, harassment, unfair process in the disciplinary proceedings. So if there's a possibility to bring a claim solely as a representative who didn't suffer a common injury with the class, this is not that case. Also, briefly to address the issue of whether these two actions of all the same parties, um, both suits, Mr. Ware sued the department, Mr. Dixon, Hilliard, Garnett, and Baldwin. It's precisely the same parties as the district court pointed out. In his opening brief, Mr. Ware argues that the presence of additional defendants in where one, specifically defendants affiliated with Ask Me, and the lack of privity between those defendants and the department defendants, um, makes those parties different for purposes of race judicata. But defendants were parties to the original action. They're entitled to the preclusive effect of the judgment in where one, uh, whether or not there were other defendants in that action as well. And they did not need to establish privity. Um, I'd also like to address, um, the Crowder case that Mr. Kassan discussed in his opening brief. There, there were unnamed class members who wanted to bring individual claims, uh, for damages after there had been a judgment, uh, for injunctive relief. And this court said that in that circumstance, um, it would be unfair to hold these, uh, prisoners, specifically prisoner plaintiffs, unnamed class members, to the preclusive effect of the judgment and forcing them to, uh, abandon their claims for damages. That's not the case here. Again, Mr. Ware was an active participant in both lawsuits on his own behalf. Uh... Counsel, I'd like to follow up on a question that Judge Wood asked. Um, surely there must be some cases, and, and you're saying this isn't one, but of course, we have to think about the effects of this case on others, in which a class representative may have individual claims that wouldn't satisfy the requirements of Rule 23, but yet still may arise out of the same core of operative facts for purposes of preclusion. What would be the proper procedural route by which such a plaintiff would proceed? Would he, in abundance of caution, assert the class claims and the individual ones and then seek severance? I mean, what, what was your view of how that should happen? I think that that's the proper procedure, Your Honor. I think that's something that would be certain claims and not others, and then, you know, handle those cases separately. Um, but again, splitting the claims the way Mr. Ware did here between two actions, um, that's exactly what res judicata is designed to prohibit, um, and proceeding on two separate tracks. Uh, in an abundance of caution, I agree that a plaintiff who has class claims and other claims that might not be common with the class should bring them all and then, uh, deal with that issue at certification. It's also important to point out that Ware 1 never, uh, approached certification here, uh, so effectively, Ware 1 was an individual claim, uh, at that point. At that point, it was dismissed with prejudice. So, um, to answer your question, Your Honor, yes, I, I agree that plaintiffs should bring all their claims in one set at one go, um, in order to avoid the preclusive effect of a judgment. Um, and unless this Court has any other questions, I'd ask that you affirm the, uh, judgment of the District Court. All right. Thank you very much. I see none. So, anything further, Mr. Kasson? Yeah, just one point, Your Honor. Um, the, the individual claim was also premised on Title VII, which had a administrative requirement to it that did not exist in the, uh, in Ware 1. So, those are, are issues that could not have been raised. Uh, they, they can only be raised when they become ripe after the issuance of the right to sue letter from the EEOC. Um, so... So, are you saying that they weren't ready to be litigated? Because under the transactional approach to claim preclusion, the fact that theories may shift isn't enough to, to stop claim preclusion from applying. Well, I, I think we've, it's, then we're, we're faced with the, if we bring it as suggested, then it's ripe for dismissal because we have not received a right to sue letter. So, we'd be back where we started. So, it, in, in certain cases, and I, and I believe that this is one of those, that where, where there are individual claims under Title VII in particular, that those individual claims are not claim precluded based on the dismissal of a, a prior filed class claim. So, I see my... Is there a statute of limitations problem with, with, um, the Ware 1? I mean, I do, one sees 1983 and Title VII theories combined in the same complaint from time to time. So, it's possible to do that, uh, but maybe there's a timeliness issue? There, there certainly could be. I don't think that there was in this particular case. Um, they had just not been, um, specifically resolved by the issuance of the right to sue letter by the EEOC. Okay. Well, if you'd like to wrap up, um, I think we're done. Uh, uh, I have nothing further other than we, we believe that the, um, the, the District Court was in its judgment and we ask that, uh, this court reverse Judge Lee's decision to vacate, uh, to dismiss based on, uh, race judicata, Your Honor. All right. Well, thank you very much then. Thanks to both of you. We'll take the case under advisement.